United States District Court
Southern District of Texas
**ENTERED**
March 18, 2022
Nathan Ochsner, Clerk

United States District Court       Southern District of Texas

| | |
|---|---|
| Casey Ray Brown, et al., § § Plaintiffs, § *versus* § § Jessica Alane Caird, § § Defendant. § | Civil Action H-22-0784 |

## Opinion on Final Dismissal

Casey Ray Brown and DeAndre Dynell DeBoest are prisoners in the Harris County Jail. Brown and DeBoest are both in custody under several pending felony charges. The plaintiffs filed a civil rights action under 42 U.S.C. § 1983, alleging that Jessica Alane Caird, a Chief Assistant District Attorney, violated their speedy trial rights. They both say they wish to represent themselves because their court-appointed attorney will not protect their speedy trial rights. They seek monetary relief and injunctive relief in the form of having their criminal cases dismissed.

Success on an alleged speedy trial or self-representation violation necessarily implies the unlawfulness of a criminal conviction or detention. Claims such as these are strictly habeas in nature, and a prisoner must bring them in a petition for a writ of habeas corpus. Brown and DeBoest cannot bring these claims in a civil rights action until they show that their convictions have been overturned or otherwise invalidated because of the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). Brown and DeBoest may not seek monetary or injunctive relief in a civil rights action until they make this showing. Accordingly, Brown and DeBoest must bring these claims in a habeas corpus petition rather than this civil rights action because they have not shown their convictions have been overturned or otherwise invalidated.

The court will not construe this civil rights complaint into a habeas action for the defendants because the Supreme Court's decision in *Younger*

*v. Harris*, 401 U.S. 37 (1971), limits their request that the court enjoins their state criminal prosecutions. *Younger* abstention applies when: (a) the claims involve an ongoing state judicial proceeding; (b) the State has an important interest in the state judicial proceeding; and (c) the state judicial proceeding affords an adequate opportunity to raise constitutional challenges. Abstaining from intervention is particularly appropriate when a plaintiff can enforce his constitutional rights in his defense to criminal prosecution. Both plaintiffs fail to show that the court should not apply *Younger* to this case because they make only conclusory statements that the state trial proceedings are not protecting their rights. Moreover, assuming they are convicted on the charges, both plaintiffs may enforce their rights as a defense to prosecution through direct appeal.

Even if they could presently bring these claims in a civil rights action, prosecutors are absolutely immune from monetary damages for any claim about initiating a prosecution, presenting the State's case, or an action intimately associated with the judicial phase of a criminal prosecution. Immunity is waived only if the prosecutor acts in the clear absence of authority. Brown and DeBoest's claims are intimately associated with Caird's role as a prosecutor during the judicial phase of prosecution because they involve actions taken during the prosecution of their charges. Therefore, the claims for monetary damages should be dismissed because Caird enjoys absolute immunity. While prosecutors do not enjoy immunity for injunctive relief, the relief sought is barred by *Heck*, because granting the relief would imply the invalidity of their prosecution, and *Younger*, because granting relief would force the court to enjoin their criminal proceedings.

The civil rights complaint will be dismissed with prejudice for failing to state a claim for relief.

Signed at Houston, Texas, on _____March 18_____, 2022.

_____
Lynn N. Hughes
United States District Judge

2